IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Gazich, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>State of South Carolina, )<br>)<br>   Defendant. )<br>) | Civil Action No. 6:23-cv-04682-TMC<br><br>**ORDER** |

  In this action, Plaintiff, a *pro se* state detainee, apparently seeks to have this court relieve his state-appointed counsel and/or to appoint counsel—and conduct a hearing as to the same—in his state criminal proceedings. (ECF Nos. 1; 2; 3; 6; and 7). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e)-(f) (D.S.C.), this matter was referred to a magistrate judge for pretrial review and issuance of a report and recommendation ("Report") to the district court regarding the proper disposition of this action. In his Report, the magistrate judge noted that "[t]his case was opened upon receipt of a letter from the plaintiff seeking the appointment of new counsel in his state criminal proceedings" along with "a motion seeking to have new counsel appointed in his state criminal proceedings [ECF No. 2] . . . and a motion seeking a hearing [ECF No. 3]," and, therefore, construed Plaintiff's filings as "motions seeking a preliminary injunction." (ECF No. 11 at 1).

  The magistrate judge recommended that Plaintiff's motions for relief be denied, *id*. at 4, for three reasons. First, the magistrate judge determined that Plaintiff "has failed to meet the standard for issuance of a preliminary injunction in this matter" as his "exact claims are unclear, since this case was opened upon receipt of a letter from the plaintiff requesting new counsel in his

state criminal proceedings [ECF No. 1]." *Id*. at 2.  Second, the magistrate judge found that that, "based upon a review of publicly available records for the Greenville County General Sessions Court, the plaintiff's request for new counsel appears moot because he pled guilty on September 27, 2023, to assault and battery first degree in exchange for the dismissal of other charges." *Id*. (citing Greenville County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2021A2330209377, 2021A2330209379, 2021A2330209380, 2021A2330209381) (last visited October 3, 2023)).  And, finally, the magistrate judge correctly recognized that "this court should abstain from interfering with pending state court proceedings" because a "federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances" pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  *Id*.  The magistrate judge reasoned that application of *Younger* abstention is appropriate here because at the time this case was filed, Plaintiff was involved in ongoing state criminal proceedings; such proceedings implicated significant state interests; and that Plaintiff "has the opportunity to argue in his state criminal proceedings (as well as on direct appeal) that his appointed counsel was ineffective." *Id*. at 3.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court

of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

3

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

On October 23, 2023, Plaintiff filed objections to the Report. (ECF No. 15). None of Plaintiff's objections address or relate to the dispositive portions of the Report. In particular, Plaintiff fails to give the court any basis to conclude that *Younger* abstention principles do not apply and that this federal district court should insert itself into state criminal proceedings. Accordingly, the court **ADOPTS** the Report (ECF No. 11) and incorporates its findings and conclusions herein. Plaintiff's objections (ECF No. 15) are **OVERRULED**. And, because the *Younger* abstention doctrine precludes this court from interfering in Plaintiff's state criminal proceedings, the court **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 26, 2023

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.